**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Dallas Thorn, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civil Action 2:12-cv-768 |
| | : | Judge Economus |
| Bob Evans Farms, Inc., | : | Magistrate Judge King |
| | : | |
|     Defendant. | : | |

**AGREED PROTECTIVE ORDER**

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and the stipulation of the Parties, the Court enters this Protective Order. It is hereby ORDERED THAT:

**(1)** <u>Designation of Confidential Material</u>. Any Party to this lawsuit (individually, a "Party," and collectively the "Parties") may designate any items or information produced by her or it, or produced by a non-party agent in possession of her or its information, regardless of the medium or manner in which they are generated, stored or maintained, including without limitation, documents, answers to interrogatories, deposition testimony, exhibits, electronically-stored information ("ESI"), as Confidential Information ("Confidential Information"), if such designating Party has a good faith belief that (i) the designated information constitutes, contains, and/or relates to a trade secret, as defined under Ohio law, or other confidential research, development or commercial information as described in Fed.R.Civ.P. 26(c)(1)(G), (ii) the designated information is protected by law and/or contract, or (iii) information that a Party believes not to be in the public domain and reasonably believes contains confidential business or personal information such as Social Security Numbers, financial institution account numbers, personal medical information or other similar information that a reasonable person or business

would regard as personal and confidential.  Any "Confidential Information" so designated may only be used in connection with these proceedings and shall not be disclosed or utilized in any other respect, except and may be otherwise provided for in this Protective Order.  Neither the existence of nor anything contained in this Protective Order shall alter or diminish the right of the Parties pursuant to federal or state law to protect the confidentiality or privacy of materials constituting and/or relating to personal information contained in business records.

**(2)**  Procedure to Challenge Confidential Information Designations.  Any "Confidential Information" designation shall be without prejudice to the rights of any other Party to apply to the Court for a determination of whether the designation is proper.  The challenging Party, however, shall first use extrajudicial attempts as set forth in Fed. R. Civ. P. 37(a) and the Southern District of Ohio Local Rule 37.1 (including compliance with Southern District of Ohio Local Rule 79.3, where applicable).  If those attempts fail, then the challenging Party shall have the right to file an appropriate motion seeking a ruling from the Court regarding the propriety or impropriety of the "Confidential Information" designation.  If the challenging Party files such a motion, the designating Party shall bear the burden of establishing to the Court's satisfaction that the designated material qualified for treatment as Confidential Information.  Each Party also has the right to apply for a further protective order if it believes greater protection than that afforded hereby is necessary for certain information to be produced.  No Party shall be obligated to immediately challenge the propriety of a confidential designation.  Failure to do so shall not preclude a subsequent objection to the designation, or any motion to seek permission to disclose Confidential Information to persons not referred to in this Order.

**(3)**  Method of Confidential Information Designation.  The designation of information as "Confidential Information" for purposes of this order shall be made as follows:

  (a) In the case of items or information in documentary form, including without limitation documents, answers to interrogatories, or other written materials (apart from depositions, other pretrial testimony, transcripts thereof, exhibits thereto), by stamping each page of such "Confidential Information" with "Confidential" or "Confidential, Subject to Protective Order," or some similar or comparable designation.

  (b) In the case of depositions, other pretrial testimony, the transcripts thereof, and exhibits thereto, by a statement on the record by counsel for the Party making the disclosure at the time of such disclosure, or in writing to adverse counsel anytime within 30 days after the deposition is transcribed and transmitted for review to identify the specific portions of the testimony as to which protection is sought.

  (c) For items or information in some form other than documentary, and for any other tangible items, the Party designating the information shall affix in a prominent place on the exterior of the container, disk or other media in which the item or information is stored the legend "Confidential," or "Confidential, Subject to Protective Order," or some similar designation.

**(4)** <u>Non-Party Production Material</u>.  Any non-party producing its own material ("Non-Party Material") pursuant to a subpoena or otherwise may also designate items as being Confidential Material at the time of production, and such designation will have the full effect given to such labels by this Protective Order.  If any Party chooses to challenge a non-party's designation of Confidential Material, it shall do so under the procedures set forth in Fed. R. Civ. P. 37(a) and Southern District of Ohio Local Rule 37.2, and the producing non-party, or any other Party, may oppose that challenge.  However, nothing herein shall be deemed to permit a non-party to review or obtain any documents or things designated as Confidential Material by any Party or other non-party in the absence of agreement of the Parties or a court order.  In the event that any "Confidential Information" received by a Party through this litigation may be responsive to a subpoena served by a non-party, that receiving Party will promptly notify the producing Party in writing and will not produce any documents or items containing such "Confidential Information" for another 10 days to allow the producing Party to file a motion to quash, in which event no such "Confidential Information" will thereafter be produced absent

agreement of the Parties or a court order.  Additionally, a Party may designate as "Confidential Information" any of its own information held by a non-party and being produced pursuant to a subpoena under the terms of Section (1) above.

**(5)** <u>Inadvertent Failures to Designate Confidential Information</u>.  If timely corrected, an inadvertent failure to designate information or items as "CONFIDENTIAL" does not, standing alone, waive a Party's right to secure protection under this Protective Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Party in receipt of the information, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

Inadvertent failure to identify Disclosure or Discovery Material as Confidential Information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are followed.  If a Party discovers that information should have been but was not designated as Confidential Information, that Party must notify all other Parties in writing within 7 days of such discovery, and must specify which Disclosure or Discovery Material or portions thereof, should be designated as "CONFIDENTIAL."  In that event, within 7 days of notifying all other Parties, that Party must provide copies of the Protected Materials with the appropriate designation in accordance with this Protective Order.  After receipt of such re-designated information, the Confidential Information shall be treated in accordance with the protections afforded under this Protective Order.  The Party in receipt of the information shall have no liability, under this Protective Order or otherwise, for any disclosure of information contained in un-legended documents or things

occurring before that Party was placed on notice of the producing Party's claims of confidentiality.

**(6)** <u>Use of Confidential Information at Deposition or Pretrial</u>. Whenever any "Confidential Information" is disclosed or used at a deposition or other pretrial testimony in this action, (i) each portion of any such testimony in which the "Confidential Information" is disclosed or used shall be conducted with only those person in attendance who are authorized under this Protective Order to have access to such "Confidential Information," (ii) the transcript of the confidential portion and all confidential exhibits shall be bound separately after transcription, marked "Confidential – Subject to Protective Order," (or comparable language), and shall thereafter be deemed to be fully subject to the provisions of this Protective Order.

**(7)** <u>Electronic Filing and Confidential Information</u>. All electronic filings that contain Confidential Material shall be filed in compliance with the Electronic Case Filing Procedures for the Southern District of Ohio in accordance with Southern District of Ohio Local Rule 79.3. A Party may file Confidential Material under seal only with leave of the Court upon motion for good cause shown and only to the extent necessary to preserve legitimate confidentiality concerns.

**(8)** <u>Persons Who May View Confidential Information</u>. "Confidential Information" produced by a Party may be disclosed by the Parties hereto and their counsel only to the following persons:

    (a)    the Court and its personnel at any pretrial or post-trial stage of this action, either in camera, or in a sealed envelope, or under such other safeguards as the Court may require in order for "Confidential Information" to be used or introduced at any pretrial or post-trial hearing herein;

    (b)    the Parties and counsel for the Parties in this action who have entered an appearance in this action (including attorneys who are officers or employees of a Party and who are acting in a legal and

          not a business capacity with respect to this action) and paralegals, legal assistants, secretaries, or other staff of such counsel actually working on this action;

(c)      court reporters and their staff recording proceedings in this action;

(d)      witnesses in preparing for or at the deposition, hearing, or trial, but only to the extent disclosure is reasonably necessary, and in no event shall a witness retain any Confidential Information or any copies thereof;

(e)      any expert(s) consulted or retained to assist in the preparation of the case, or to testify, provided such expert agrees to be bound by this Protective Order;

(f)      persons employed or retained by an independent litigation support company assisting the attorneys referred to herein, including, but not limited to, jury consultants and document management companies;

(g)      professional vendors to whom disclosure is reasonably necessary for purposes of this litigation;

(h)      any person identified on the face of any such Confidential Information as an author or recipient thereof, or who is determined to have been an author and/or previous recipient of the Confidential Information, but who is not identified on the face thereof;

(i)      any investigator hired for purposes of this litigation and who has first signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A).  Any party utilizing the services of a investigator will not be required to disclose the contact information of said individual or firm to opposing counsel unless the court orders the party to do so or unless the investigator will be called as a witness or expert witness.  At the conclusion of this matter, the investigator shall return or destroy any confidential information in the investigator's possession.

(j)      any persons interviewed for purposes of this litigation and who have first signed the "Acknowledgment and Agreement to be Bound by Protective order" (Exhibit A).  Any party disclosing the information to witnesses will not be required to disclose the contact information of said individual to opposing counsel unless the court orders the party to do so or unless the person will be called as a witness.  At the conclusion of this matter, the person shall return or destroy any confidential information in the person's possession.

  (k)  any person whom Counsel for the Parties collectively agree should have access to such materials and who agrees to be bound by the terms of this Protective Order.

**(9)** Duration of Protective Order.  This Protective Order shall apply through trial as more fully set forth as numbered paragraph (16) below, subject to the understanding that the Court will determine when the documents will be treated as public records when and if they are introduced in open court at trial and with the further understanding that any party may seek additional in-court protection or safeguards as to documents designated as Confidential.

**(10)** Inadvertent Production of Privileged or Other Legally Protected Information.  The Parties acknowledge that inadvertent production of privileged matters shall not be deemed to be either (a) a general waiver of the attorney-client privilege, the work-product privilege or other similar privilege; or (b) a specific waiver of any such privilege with respect to any such matters.  In the event that a Party inadvertently produces information that the Party considers to be subject to any privilege or other legal protection from disclosure, that Party shall give written or electronic notice to the receiving Party no later than 7 days after discovery by the producing Party of the inadvertent production of such information.  Such written and electronic notice shall (a) identify the information; and (b) state the nature of the privilege(s) or legal protection(s) asserted, provide the necessary details in order to allow the receiving Party to evaluate the claim of privilege. Upon receipt of such notice, any receiving Party that has received a copy of such information shall return it to the producing Party and shall destroy any other copies thereof, without waiver of the right to challenge the substantive label of privilege or other protection after receipt of an updated or supplemental privilege log for this information.

**(11)** Procedure to Challenge Privilege or Other Legal Protection Designations.  If a receiving Party of privilege log materials disputes in good faith the producing Party's claim of privilege or other legal protection, (a) the receiving Party and producing Party shall promptly

meet and confer to attempt to resolve the claim of privilege or protection, and (b) the receiving Party shall refrain from further use or disclosure of the document or its contents or part(s) of the document claimed to be privileged or legally protected until the dispute is resolved.

If the Parties cannot resolve their dispute regarding the privileged nature of any information, the procedures set forth in Fed. R. Civ. P. 37(a) and Southern District of Ohio Rule 37.2 shall be followed.

**(12)** <u>Inadvertent Disclosure of Confidential Information to Non-Parties by Party in Receipt of Produced Confidential Information</u>. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information or otherwise protected information to any person or in any circumstance not authorized under this Protective Order, the receiving Party must immediately (a) notify in writing the producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

**(13)** <u>Modification of Protective Order</u>. This Protective Order may be construed or modified by the Court, on application of any Party or on its own initiative, to insure that adjudication of all issues may be had in the light of all relevant material facts without publishing or otherwise destroying the value of any "Confidential Information," except to the extent such publication or destruction cannot be avoided by the Court in the performance of its duties.

**(14)** <u>No Waiver of Other Rights</u>. By agreeing to this stipulated Protective Order, no Party waives its attorney-client privilege or any other protections provided by federal or state

law.  This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligations or right of any Party or person with respect to any "Confidential Information".

Nothing in this Protective Order shall be deemed a waiver of a producing Party's right to (a) oppose discovery on grounds other than that the discovery sought constitutes or contains Confidential Information, (b) seek further protection other than that which this Protective Order prescribes with respect to Confidential Information, or (c) object on any ground to the admission in evidence, at any trial, or public proceeding in this matter, of any type or classification of material produced or disclosed pursuant to this Protective Order.  Nothing in this Protective Order shall limit the right of any person to seek judicial review, or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

Nothing in this Protective Order shall limit in any manner a Party's own use of any documents, deposition testimony, materials and/or other information produced by it and/or designated by it as Confidential, merely because such Confidential Information was produced and/or designated by it as Confidential, or because such Confidential Information was also produced and/or designated as Confidential by another Party.

Nothing in this Protective Order affects the rights of any Party with respect to its claims of ownership of or possession of any of the documents or information at issue in this lawsuit.

**(15)** <u>Treatment of Confidential Information After Case Termination</u>.  Unless otherwise ordered, within 45 days after the final termination of this action, or such other time period as agreed to by the Parties, upon written request of the producing Party, the receiving Party must return to the other Party or Parties or destroy (at the receiving Party's option) all Confidential Information.  As used in this subdivision, "all Confidential Information" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the

Confidential Information.  Whether the information is returned or destroyed, the receiving Party, at the producing Party's request, must submit a written certification to the other Party or Parties that confirms that all the Confidential Information identified in the producing Party's request was returned or destroyed.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order as set forth in Paragraph 8 above.

**(16)**  <u>Duration of Protective Order</u>.  The provisions of this Protective Order shall continue to be binding upon all Parties and their counsel in this action until the conclusion of this action.  The Court retains jurisdiction indefinitely with respect to any dispute of the Parties regarding improper use of information disclosed in this Protective Order.

SO ORDERED this 7th day of December, 2012

<u>s/ Norah McCann King</u>
United States Magistrate Judge

APPROVED:

<u>/s/Jack Landskroner</u>
Jack Landskroner
Drew Lagando
LANDSKRONER GRIECO MERRIMAN, LLC
5003 Horizons Drive, Suite 200
Columbus, OH 43220
Tel: (216) 522-9000
Fax: (216) 522-9007

Seth R. Lesser (admitted *pro hac vice*)
Fran L. Rudich (admitted *pro hac vice*)
Michael J. Palitz (admitted *pro hac vice*)
KLAFTER, OLSEN & LESSER, LLP

Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Fax: (914) 934-9220

Nicholas A. Migliaccio (admitted *pro hac vice*)
Jason S. Rathod (admitted *pro hac vice*)
WHITFIELD  BRYSON  &  MASON  LLP
1625 Massachusetts Ave., N.W., Suite 605
Washington, DC 20036
Tel: (202) 429-2294
Fax: (202) 429-2294

*Attorneys for Plaintiff*


/s/Mark A. Knueve
Mark A. Knueve (Ohio Bar No. 0067074), Trial Attorney
Jonathan R. Vaughn (Ohio Bar No. 0022897)
Michael C. Griffaton (Ohio Bar No. 0062027)
Adam J. Rocco (Ohio Bar No. 0083807)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6387
Facsimile: (614) 719-4808
E-mail: maknueve@vorys.com
E-mail: jrvaughn@vorys.com
E-mail: mcgriffaton@vorys.com
E-mail: ajrocco@vorys.com

Robert W. Pritchard (admitted *pro hac vice*)
Littler Mendelson, P.C.
EQT Plaza
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
Telephone: (412) 201-7628
Facsimile: (412) 456-2377
E-Mail: rpritchard@littler.com

Attorneys for Defendant

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ acknowledge that I have been given a copy of and have read the Agreed Protective Order in <u>Dallas Thorn v. Bob Evans Farms, Inc.</u>, United States District Court, Southern District of Ohio, Case No. 2:12-cv-00768, and I agree to be bound by its terms. I acknowledge and agree that any document marked "Confidential," which is received by me in connection with this matter, and any copy, excerpt, summary or abstract of such document, shall not be disclosed to or discussed with anyone except as expressly provided in the Agreed Protective Order. I further acknowledge and agree that all Confidential documents shall be used only in the prosecution or defense, including any appeal, of this matter and shall be destroyed at the conclusion of this case.

I consent to the jurisdiction of the United States District Court, Southern District of Ohio, for the purposes of enforcing this Agreed Protective Order.

I declare under penalty of perjury under the laws of the State of Ohio that the foregoing is true and correct.

Executed on _____, 201\_, at _____.

_____