IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DALLAS THORN, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOB EVANS FARMS, LLC,<br><br>Defendant. | Case No. 2:12-cv-768<br>Judge Peter C. Economus<br>Magistrate Judge Norah McCann King<br>**MEMORANDUM OPINION AND ORDER** |

Presently before the Court are the Plaintiffs' Motion to Substitute Named Plaintiff Pursuant to Rule 21 and to Amend the Complaint Pursuant to Rule 15 (Doc. 50) and Motion to Stay Consideration of Defendant's Motion for Summary Judgment Pending Resolution of Plaintiff's Motion to Substitute Named Plaintiff Pursuant to Rule 21 and to Amend the Complaint Pursuant to Rule 15 (Doc. 48).  For the reasons set forth herein, the Court **GRANTS** the Plaintiffs' motion to substitute and **DISMISSES as MOOT** the Plaintiffs' motion to stay.  Further, the Court dismisses the claims of Plaintiff Dallas Thorn with prejudice and **DISMISSES as MOOT** the Defendant's pending motion for summary judgment (Doc. 40).

**I.**

This is a collective action brought pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*  Named Plaintiff Dallas Thorn ("Thorn"),[1] on behalf of herself and others similarly situated, claims that Defendant Bob Evans Farms, LLC ("Bob Evans") failed to pay her overtime wages as required by the Act while she was employed by Bob Evans as an assistant store manager.  Thorn has been joined in her action by opt-in Plaintiffs David

---

[1] The Parties indicate that Thorn is now known as Dallas Lewis.  However, for the sake of convenience, she will be referred to as Thorn throughout this opinion.

Snodgrass ("Snodgrass"), Amanda Kirchner, Keith Sutton, Barbara Gibbs, Brent Neff, Jennifer Britt, Jennifer Kurtis, Brett Kubin, Clifford Britton, Annquance Williams, and Jackie Franklin.[2]

The Parties have engaged in preliminary discovery as to the issue of class certification, and, on April 16, 2013, counsel for the Plaintiffs filed a motion for conditional certification on behalf of "Plaintiff Dallas Thorn and the twelve Opt-ins." (*See* Doc. 45 at 1.) However, prior to the Plaintiffs' moving for conditional certification, on April 5th, Bob Evans moved for summary judgment as to Thorn's individual claims. (*See* Doc. 40.) To complicate matters, counsel for the Plaintiffs informed the Court during a telephonic status conference on April 18th that Thorn wishes to voluntarily withdraw as the named Plaintiff in this case because of the impact the litigation is having on her health. Counsel for the Plaintiffs have indicated that they do not object to dismissal of Thorn's claims with prejudice. (*See* Doc. 50-1 at 4 n.3.)

The Parties inability to resolve Thorn's withdrawal from the case through stipulation has resulted in the motions currently pending before the Court. The Plaintiffs request leave to substitute Snodgrass for Thorn as the named Plaintiff and for leave to amend their complaint to reflect the substitution and facts specific to Snodgrass's individual circumstances. They also request the Court to stay consideration of Bob Evan's motion for summary judgment pending resolution of the motion to substitute and amend. (*See* Doc. 48.)

**II.**

The Court now turns to the Plaintiffs' motion to substitute and amend the complaint. As stated *supra*, the Plaintiffs request the Court's permission to substitute Snodgrass for Thorn because of Thorn's health issues and to amend their complaint to reflect the substitution.

---

[2] The claims of opt-in plaintiffs Matthew Jones and Jerome Chapman, have been dismissed via stipulation of the Parties. (*See* Docs. 39 & 56.)

Plaintiffs request for leave to substitute is made pursuant to Rule 21, which provides in part that: "On motion or on its own, the court may at any time, on just terms, add or drop a party."  FED. R. CIV. P. 21.  As for Plaintiffs' simultaneous request for leave to amend the complaint to reflect Snodgrass' substitution, Rule 15 provides in part that, "The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2).  However, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).  While Plaintiffs correctly bring their motion pursuant to both Rules 21 and 15(a)(2), as they seek to amend the complaint to change parties, these rules are governed by essentially the same, liberal standard.  *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 96–97 (S.D.N.Y. 2010).  The decision as to whether leave to amend and/or to substitute should be granted is committed to the trial court's discretion. *See id.  See also Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 266 (6th Cir. 2003), overruled on other grounds by *Blackburn v. Oaktree Capital Management, LLC*, 511 F.3d 633 (6th Cir. 2008).

Finding that substitution and amendment will serve the ends of justice in this case, and also serve to conserve judicial resources and the resources of the Parties without prejudicing Bob Evans, the Court grants Plaintiffs' motion and will allow Thorn to withdraw from the case, Snodgrass to substitute for her as named Plaintiff, and Plaintiffs to amend their complaint to reflect the substitution.  Further, Thorn's claims are dismissed with prejudice.

While the Plaintiffs could perhaps have been slightly more expeditious in moving for the substitution, the Court finds that they have not unduly delayed seeking the Court's leave to amend, nor will undue delay result from the substitution and amendment.  In fact, no delay (other

than the delay necessitated by the Court's having to resolve the pending motion in the absence of the Parties' failure to stipulate) will result because Snodgrass has already been deposed, and no additional discovery will be required to resolve the issue of preliminary class certification. Further, there this no indication that the Plaintiffs have proceeded in bad faith. To the contrary, Thorn's good faith is demonstrated by the fact that she is willing to dismiss her claims with prejudice. Finally, there is no indication that amendment would in any way be futile.

Bob Evans asserts that it is prejudiced by the fact that it has expended resources in litigating Thorn's individual claim and conducting discovery, and asks the Court to rule on the pending summary judgment motion prior to determining the issue of substitution. According to Bob Evans, it will be prejudiced by the Court's failure to do so because a ruling in favor of Bob Evans on the summary judgment motion would then result in a dismissal of the entire case.[3] However, the Court is not convinced by this logic. As an initial matter, Bob Evan's argument rests on the assumption that it would in fact prevail on the motion for summary judgment, something that is far from certain. Because Plaintiffs do not object to the dismissal of Thorn's claims with prejudice upon the substitution, Bob Evans is obtaining exactly the relief sought by its motion for summary judgment—victory on Thorn's individual claims. This result is obtained without the expenditure of judicial resources that would accompany the Court's consideration of the motion for summary judgment. The Court further notes that today's ruling does nothing to prevent Bob Evans from using beneficial discovery obtained from Thorn during the remaining stages of this case. Accordingly, to the extent that Bob Evans contends it is prejudiced by having expended resources litigating Thorn's individual claims, that argument is without merit.

---

[3] Bob Evans also suggests that it is being prejudiced to the extent that the Plaintiffs may subsequently attempt to recover attorney's fees for the portion of the case dealing with Thorn's claims. The Court expressly holds this question in abeyance until (and if) the case proceeds to a stage where attorney's fees become recoverable.

Furthermore, allowing substitution will have the effect of conserving judicial resources and the resources of the Parties. In this regard, if either summary judgment were granted or leave to substitute were denied and the claims of the opt-in Plaintiffs thus dismissed without prejudice, Plaintiffs would be forced to re-file this litigation. In the Court's view, that course of action would constitute a needless waste of time and expenditure of resources because the re-filed case would end up at exactly the same posture as the current case given the discovery completed thus far.

### III.

The Court's decision to accept the Plaintiffs' request that Thorn's claims be dismissed with prejudice renders Bob Evan's pending motion for summary judgment on Thorn's individual claims (Doc. 40) moot, and that motion is hereby dismissed. Further, the Court's dismissal of the summary judgment motion also renders the Plaintiffs' motion to stay (Doc. 48) moot and that motion is also accordingly dismissed.

### IV.

For the above-stated reasons, the Plaintiffs' Motion to Substitute Named Plaintiff Pursuant to Rule 21 and to Amend the Complaint Pursuant to Rule 15 (Doc. 50) is **GRANTED**. Further, the Plaintiffs' Motion to Stay Consideration of Defendant's Motion for Summary Judgment Pending Resolution of Plaintiff's Motion to Substitute Named Plaintiff Pursuant to Rule 21 and to Amend the Complaint Pursuant to Rule 15 (Doc. 48) and Defendant Bob Evans Farms, LLC's Motion for Summary on the Claims of Plaintiff Dallas Lewis (FKA Dallas Thorn) are **DISMISSED as MOOT.** Opt-in Plaintiff David Snodgrass is substituted for Dallas Thorn as the named Plaintiff, Thorn's claims are dismissed with prejudice, and the Clerk is directed to docket the Plaintiffs' proposed amended complaint (Doc. 50-6).

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE