IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID SNODGRASS, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BOB EVANS FARMS, LLC,<br><br>　　　　Defendant. | Case No. 2:12-cv-768<br>Judge Peter C. Economus<br>Magistrate Judge Norah McCann King<br>ORDER |

　　　Presently pending before the Court is Defendant Bob Evans Farms, LLC's Motion for Partial Summary Judgment as to Time-Barred Claims (Doc. 130).  For the reasons that follow, Defendant's motion is **GRANTED in PART and DENIED in PART**.

I.

　　　This is a collective action brought pursuant to the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA").  Named Plaintiff David Snodgrass on behalf of himself and others similarly situated, claims that Defendant Bob Evans Farms, LLC ("Bob Evans") failed to pay him overtime wages as required by the FLSA while he was employed by Bob Evans as an assistant restaurant manager.  By Opinion and Order dated December 5, 2013, the Court conditionally certified a nationwide collective class of all current and former Bob Evans' assistant managers employed with the company as of August 27, 2009.  (*See* Doc. 72.) On January 15, 2014, the Court approved the notice to be sent to prospective class members, (see Doc. 80), and several hundred current and former assistant managers have since opted to join this suit.

　　　As the Court noted in the January 15th Order, the record at that time was not suitably developed to decide the issue of equitable tolling of the statute of limitations for the claims of

opt-in Plaintiffs whose employment with Bob Evans Farms ended outside the applicable limitations period. Bob Evans has now moved for summary judgment as to such claims, and, pursuant to the representation of the Parties that resolution of the equitable tolling issue will aid a forthcoming mediation, the Court has agreed to decide the issue for a subset of five of the more than 100 opt-in Plaintiffs whose claims could be potentially time-barred.

**II.**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting prior version of Fed. R. Civ. P. 56). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323–25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation and citation omitted).

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D.

Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

### III.

Actions to recover unpaid overtime under the FLSA are governed by a two, possibly three, year limitations period. *See* 29 U.S.C. § 255(a). For purposes of its motion, Bob Evans has agreed that the maximum three-year look-back period should apply to the sample of opt-in Plaintiffs. (*See* Doc. 130 at 7.) Claims for unpaid overtime are deemed to accrue "at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed." *Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187 (6th Cir. 2008) (quotations omitted). With respect to opt-in plaintiffs not named in the initial complaint, the statute of limitations is tolled on the date written consent to join the action is filed with a court. *See* 29 U.S.C. § 256(b).

The factual circumstances of each of the five sample opt-ins (Thomas Schlosser, Kimberly Stutler, Michael Eckmyre, Eric Yusko, and John Hiner) are undisputed. Each has filed a declaration with the Court indicating that he or she last worked for Bob Evans more than three years prior to the filing of his or her consent to join this action. Bob Evans thus argues that their individual claims should be dismissed as time-barred while the Plaintiffs assert that the Court should equitably toll the statute of limitations. According to the Plaintiffs, the Court should toll the limitations period so as to allow claims accruing as of August 27, 2009, the date three years prior to the filing of the complaint in this action. In the alternative, Plaintiffs request the Court to toll the period so as to allow claims accruing as of April 16, 2010, which represents the date three years prior to their moving the Court for conditional certification of the collective class.

Equitable tolling is a "doctrine that permits courts to extend the statute of limitations on a case-by-case basis to prevent inequity." *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007). Concerning its application, the Supreme Court has stated:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

A court's decision to grant or deny equitable tolling of a limitations period requires careful consideration of various factors, including "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Hughes*, 542 F.3d at 187 (quotation omitted). Each of the above factors may not be relevant to every particular case, nor do the above represent a comprehensive list of potentially applicable considerations. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

The declarations submitted by the five opt-in Plaintiffs are virtually identical regarding facts relevant to the issue of equitable tolling. Schlosser's declaration is illustrative:

> 2. The first time I learned about the pending lawsuit for unpaid overtime wages brought on behalf of Assistant Managers by Plaintiff, David Snodgrass, was when I read the Notice attached hereto as Exhibit A ("the Notice"). At no time prior to that had I been made aware that such overtime claims were contemplated,

4

>pending, proceeding or even possible for Assistant Managers who worked at Bob Evans.
>
>3. I am not a lawyer, have no legal experience, and I have no knowledge of the law's filing requirements and deadlines for asserting overtime claims, nor have I ever worked as a human resource professional or received any training about the time periods within which a claim for unpaid overtime has to be asserted.  Rather, it was upon receipt of the Notice that I first learned that employees who worked in the Assistant Manager position at Bob Evans may even have rights to claim unpaid overtime wages.
>
>4. After I received the Notice, I promptly submitted my Consent to Join form, which was filed with the Court on March 3, 2014.  Had I been made aware of my right to join this case sooner, I would have promptly joined the case earlier because I regularly worked long hours for Bob Evans as an Assistant Manager without overtime compensation for all of the hours I worked above 40 hours per week.

Schlosser Decl. ¶¶ 2–4.  *See also* Stutler Decl. ¶¶ 2–4; Eckmyre Decl. ¶¶ 2–4; Yusko Decl. ¶¶ 2–4; Hiner Decl. ¶¶ 2–4.

In considering the factors identified by the Sixth Circuit and other factors it deems relevant, the Court determines that the statute of limitations for the five opt-ins should be deemed to have been tolled as of July 3, 2013, the date on which briefing was completed as to the issue of conditional certification.

A review of the five factors indicates that some tolling of the statute of limitations is appropriate, but not to the extent requested by the Plaintiffs.  As to the first factor, the record is undisputed that the five sample opt-in Plaintiffs did not have actual notice of any filing requirements.  Turning to constructive notice, the Court notes that there is disagreement in the case law as to whether the mere existence of a statute is enough to establish such notice.  *See Baden-Winterwood*, 484 F. Supp. 2d at 828 (rejecting unpublished Sixth Circuit decision holding that existence of statute is enough to establish constructive notice).  However, the constructive

notice factor adds little weight to the overall balance of the remaining relevant factors. As such, the Court declines to take a position on the disputed question.

As to the diligence of the opt-ins in pursuing their rights, the record is undisputed that they acted promptly to join this lawsuit upon receiving the Court-approved notice. On the other hand, as nothing would have prevented the opt-ins from bringing individual actions to enforce their rights, they were not diligent in protecting their rights in that regard, even though they were all seemingly aware that they were not being paid overtime. This fact undermines the Plaintiffs' position that the statute of limitations should be deemed tolled as of August 27, 2012.

"Absence of prejudice [to the defendant] is a factor to be considered only after a factor that might justify tolling is identified." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). Having identified at least the lack of actual notice as a factor in support of equitable tolling, the Court also will consider the limited prejudice to Bob Evans in allowing tolling as of July 3, 2013. In this regard, Bob Evans became aware of its potential liability when the complaint was filed in August 2012. As stated below, use of July 3, 2013 will completely eliminate the claims of two of the five sample opt-ins and limit the claims of the remaining three. As stated by Judge Frost:

> The purposes of statute of limitations is to ensure fairness to defendants by notifying defendants of the claims they must defend before they grow stale. [ ]
>
> … Defendant had full knowledge that the named Plaintiff brought the suit as a collective action on the date of the filing. Thus, Defendant was fully aware of its scope of potential liability. Therefore, on the facts of this case, tolling would not prejudice Defendant by allowing an additional claim to be brought.

*Baden-Winterwood*, 484 F. Supp. 2d at 828–29 (citations omitted).

Turning to the fifth factor, there is nothing in the record suggesting that the opt-ins were reasonable in being ignorant of the filing requirements for their claims. Accordingly, this factor tends to cut against equitable tolling. Finally, the Court considers as an additional and very

6

compelling factor the Court's delay in resolving the Plaintiffs' motion for conditional class certification. This factor tilts heavily in favor of equitably tolling the limitations period as it would be inequitable for several months of potential claims for unpaid overtime to expire only because of the sometimes inherently slow pace of the litigation process.

A review of the six factors indicates that four would support equitable tolling to at least some point after this litigation had commenced, the fifth is essentially neutral, and the sixth tends to cut against equitable tolling. The Court is mindful that this doctrine is to be applied only sparingly. For instance, the record before the Court certainly would not support equitably tolling the statute of limitations to some date prior to the filing of this action. However, in the Court's view, the Plaintiffs' request to toll the limitations period in relation to the filing of their motion for class certification would not lead to an unreasonable extension of the limitations period. The Parties were able to complete the limited discovery on the issue of conditional certification in a reasonable time and the Plaintiffs were in compliance with Judge King's preliminary pretrial order (Doc. 20) in moving for conditional certification by April 16, 2013.

Use of the date Plaintiffs moved for conditional certification would not reflect the realities of the judicial process as a decision on that motion could not be reached until the issues had been fully briefed. Accordingly, the Court selects July 3, 2013 as the most appropriate date for tolling the statute of limitations. While the total briefing period on the motion was longer than normal, the Court notes that the Parties jointly moved for extensions of the briefing schedule. (*See* Docs. 51 & 57.)

The Court's decision to equitably toll the statute of limitations as of July 3, 2013 for the five opt-in Plaintiffs, however, does not end the Court's consideration of Bob Evans' motion for summary judgment as the factual circumstances of the opt-ins differ regarding the specific dates

7

they last worked for Bob Evans. Schlosser was last employed in January 2011; Stutler in December 2010; Eckmyre in November 2010; Yusko in March 2010; and Hiner in February 2010. *See* Schlosser Decl. ¶ 1; Stutler Decl. ¶ 1; Eckmyre Decl. ¶ 1; Yusko Decl. ¶ 1; Hiner Decl. ¶ 1. As any potential claim of Yusko and Hiner accrued outside the three-year period prior to July 3, 2013, summary judgment must be granted to Bob Evans as to their claims. Summary judgment is also granted as to the claims of Schlosser, Stutler, and Eckmyre to the extent that those claims accrued prior to July 3, 2010.

## IV.

For the above-stated reasons, Defendant Bob Evans Farms, LLC's Motion for Partial Summary Judgment as to Time-Barred Claims (Doc. 130) is **GRANTED in PART and DENIED in PART**. The claims of John Hiner and Eric Yusko are dismissed with prejudice. The statute of limitations for the claims of Thomas Schlosser, Kimberly Stutler, and Michael Eckmyre is deemed to have been tolled on July 3, 2013. To the extent that the claims of these three opt-in Plaintiffs accrued prior to July 3, 2010, such claims are also dismissed with prejudice.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE