IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DALLAS THORN,

                Plaintiff,                        Case No. 2:12-cv-768
    v.                                       Judge Peter C. Economus
                                                    Magistrate Judge Norah McCann King

BOB EVANS FARMS, INC.,

                Defendant.

**OPINION AND ORDER**

    This matter is before the Court on *Plaintiffs' Motion to Compel Defendant Bob Evans Farms, Inc. to Provide a More Definite Response to Interrogatory No. 7* ("*Plaintiffs' Motion to Compel*"), Doc. No. 115, to which Defendant responded, *Defendant's Opposition to Plaintiff's Motion to Compel*, ("*Defendant's Opposition*") Doc. No. 119. Plaintiffs have filed *Plaintiffs' Reply in Support of Motion to Compel Defendant to Provide a More Definite Response to Interrogatory No. 7*, ("*Plaintiffs' Reply*") Doc. No. 124. For the following reasons, *Plaintiffs' Motion to Compel* is **DENIED**.

    I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

    Dallas Thorn initiated this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* ("the Act"), alleging that Defendant Bob Evans Farms, Inc. ("Defendant") misclassified her and similarly situated employees as managers and failed to pay them overtime wages to which they are entitled. Ms. Thorn thereafter dismissed her claims and has been substituted by David Snodgrass. *See Memorandum Opinion and Order*, Doc. No. 62, p. 1. *See also First Amended Complaint and Jury Demand*, Doc. No. 63. The action has been conditionally certified, *Memorandum Opinion and Order*, Doc. No. 72, and several hundred individuals have joined as opt-in plaintiffs.

Defendant maintains that the Plaintiffs were properly classified and are therefore exempt from overtime wages under the Act's executive and managerial exemptions. *Bob Evans Farms, Inc.'s Answer to Pl.'s Compl.*, Doc. No. 13, ¶ 23. *See* 29 C.F.R. §§ 541.100 *et seq.*, 541.200 *et seq.*

On January 15, 2014, Plaintiff served a second set of interrogatories on Defendant. *Declaration of Mark A. Knueve in Support of Defendant's Opposition to Plaintiff's Motion to Compel* ("*Declaration of Mark A. Knueve*"), *¶* 2, attached to *Defendant's Opposition*. Defendant responded to these interrogatories, but Plaintiffs requested additional information during a conference between the parties. *Id.* at ¶¶ 2-3. Defendant thereafter amended its responses. *Id.* at ¶¶ 3-4. Dissatisfied with Defendant's amended response to Interrogatory No. 7, Plaintiffs filed *Plaintiffs' Motion to Compel.*

**STANDARD**

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1). Determining the proper scope of discovery is within the broad discretion of the trial court. *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Still, the scope of discovery is much broader than that permitted at trial. *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir.1970). Thus, where a "line of interrogation is reasonably calculated to lead to the discovery of admissible evidence," it will be permitted. *E.E.O.C. v. JP Morgan Chase Bank, N.A.*, 2:09-CV-864, 2011 WL 1237933 (S.D. Ohio 2011).

Rule 37 of the Federal Rules of Civil Procedure authorizes the filing of a motion to compel discovery when a party either fails to answer an interrogatory or submits "an evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). This motion must "include

a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). *See also* S.D. Ohio Civ. R. 37.1 ("[M]otions . . . relating to discovery shall not be filed . . . unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences . . . .").

## II. DISCUSSION

### A. Rule 37 Requirements

Defendant argues, first, that the Court must deny *Plaintiffs' Motion to Compel* because the motion does not comply with Rule 37(a)(1). *Defendant's Opposition*, pp. 4-5. Defendant asserts that Plaintiffs filed *Plaintiffs' Motion to Compel* without further conferring with Defendant after its supplementation of its answer to Interrogatory No. 7 and without including the required certification. *Id.* Plaintiffs insist that their discussion prior to Defendant's supplementation was sufficient to satisfy the requirements of Rule 37. This Court disagrees.

Defendant supplemented its response to Interrogatory No. 7 in light of Plaintiffs' articulated dissatisfaction with its original response. Plaintiffs did not inform Defendant of their dissatisfaction with its supplemented response and provided Defendant no opportunity to reconsider that supplementation. Moreover, Plaintiffs have utterly failed to comply with the certification requirement of Rule 37(a)(1). For this reason alone, then, *Plaintiffs' Motion to Compel* must be denied.

### B. Sufficiency of Defendant's Supplemental Response

Even overlooking Plaintiffs' failure to comply with the requirements of Rule 37(a)(1), *Plaintiffs' Motion to Compel* is without merit. Plaintiffs' Interrogatory No. 7 requests that Defendant "[i]dentify the dates, times, store numbers and locations for each occasion during [the

current Plaintiffs'] employment with Defendant that the Plaintiff and the Collective Action Members allegedly implemented legal compliance measures and provided for the safety of the store." *Plaintiffs' Motion to Compel*, Exhibit A, p. 9. After asserting objections to the interrogatory, Defendant amended its initial response by citing several legal compliance and safety assurance measures that assistant managers are generally expected and trained to implement:

> **ANSWER: . . .**[E]very day that an [assistant manager] – including Plaintiff and Collective Action Members – works as an assistant manager, regardless of the restaurant location, the [assistant manager] is responsible for legal compliance and the safety of the restaurant. This includes, but is not limited to, on a daily basis during their shift: ensuring the safety of food being prepared, served, and consumed; following and ensuring proper cash handling procedures; following and ensuring restaurant security procedures; ensuring restaurant employees use and maintain the premises, tools, and instrumentalities in clean, proper, and safe operating order; ensuring compliance with all EEO, OSHA, health codes, and worker safety, and worker employment eligibility requirements; and ensuring compliance with applicable break laws, tip credit requirements, and minor labor laws. . . . See also Answer to Interrogatory Nos. 1 and 2; the documents produced in response to Plaintiffs' First and Second Sets of Document Requests (including personnel documents, evaluation and selection criteria, job descriptions, employee handbooks, operations manuals, operations updates, food safety information, loss prevention information, and training materials); and the Statement of Facts, Exhibits, and Declarations in Bob Evans's Opposition to Plaintiff's Motion for Conditional Certification (Dkt. #67) and Motion for Summary Judgment (Dkt. #40) and documents produced in response to Plaintiff's Second Set of Document Requests Nos. 12, 16, 17, 18, 19, and 20.

*Id.* at 9-10. Defendant also directed Plaintiffs to specific portions of the deposition of former Plaintiff Dallas Thorn, who discussed several instances in which she, as an assistant manager, "implemented legal compliance and provided for the safety of the store." *Id.* at 10-11. In addition, Defendant identified a number of opt-in Plaintiffs[1] and the restaurants at which each worked, and specified that each implemented legal compliance and provided for the safety of the

---

[1] It may be that the opt-in Plaintiffs identified in Defendant's amended response were the only individuals who had opted into the action at the time.

4

restaurant "[t]hroughout [his or her] employment as an Assistant Manager while working [his or her] shifts." Id. at 10.

*Plaintiffs' Motion to Compel* seeks to compel Defendant to provide specific instances in which each Plaintiff contributed to legal compliance and store safety measures. *Plaintiffs' Motion to Compel*, pp. 2-3. Plaintiffs argue that specific examples of each employee's performance is relevant to whether or not each Plaintiff qualified for the executive or managerial exceptions under the Act. *Id.* at 2. Plaintiffs also contend that, because Ms. Thorn is no longer asserting claims in this action, her testimony on deposition is irrelevant to any issue in this case.

This Court concludes that Defendant's amended response to Interrogatory No. 7 is sufficient. As Defendant argues, to require it to provide the specific information sought by *Plaintiffs' Motion to Compel* would require Defendant to depose each of the numerous opt-in Plaintiffs who, in any event, might be unable to recall all instances in which he or she implemented legal compliance measures and provided for the safety of the store. *Defendant's Opposition* at 8. This Court agrees that it is unreasonable to expect Defendant "to pinpoint an exact date and time in every working day . . . when the [Plaintiff] contributed to legal compliance and safety." *Id.* *See* Fed. R. Civ. P. 26(b)(2)(C)(i)(The court must limit discovery if it "is unreasonably cumulative or duplicative . . . .").

Moreover, the fact that Ms. Thorn has been dismissed as a Plaintiff does not render her testimony on deposition irrelevant. *See Memorandum Opinion and Order*, p. 4 (Ms. Thorn's dismissal from the action "does nothing to prevent [Defendant] from using beneficial discovery obtained from [her] during the remaining stages of this case.") .

In short, *Plaintiffs' Motion to Compel* is without merit.

5

### C. Attorneys' Fees.

Defendant seeks attorneys' fees incurred by it in responding to *Plaintiffs' Motion to Compel*. *Defendant's Opposition*, p. 10. When a discovery motion is denied, "the court may . . . require the movant to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). But Rule 37 also provides that "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* "A motion is 'substantially justified' if it raises an issue about which 'there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Doe v. Lexington-Fayette Urban County Govt.,* 407 F.3d 755, 766 (6th Cir.2005) (citing *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)).

The Court concludes that *Plaintiffs' Motion to Compel,* although not ultimately successful, was nevertheless substantially justified so as to render an award of sanctions inappropriate.

**WHEREUPON**, *Plaintiffs' Motion to Compel Defendant Bob Evans Farms, Inc. to Provide a More Definite Response to Interrogatory No. 7*, Doc. No. 115, is **DENIED**. Defendant's request for fees, Doc. No. 119, is also **DENIED**.

August 25, 2014                             s/*Norah McCann King*
                                                            Norah McCann King
                                                         United States Magistrate Judge