IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| David Snodgrass, | : |
| Plaintiff, | : |
| v. | : Civil Action 2:12-cv-768 |
| Bob Evans Farms, LLC., | : Magistrate Judge King |
| Defendant. | : |

### FINAL APPROVAL ORDER

WHEREAS Plaintiffs and Defendants entered into a Settlement Agreement ( the "Settlement Agreement"), on October 9, 2015, to settle this class action and collective action lawsuit (the "Class Action"); and,

WHEREAS the Court entered an Order dated October 23, 2015 (the "Preliminary Approval Order"), preliminarily approving the settlement consistent with the requirements of the Fair Labor Standards Act and Rule 23 of the Federal Rules of Civil Procedure, certifying a class for settlement purposes (the "Settlement Class") and ordering notice be sent to Settlement Class Members, scheduling a Settlement Fairness Hearing for February 18, 2016, and providing Settlement Class Members with an opportunity either to participate in the settlement, exclude themselves from the Settlement Class, or object to the proposed settlement; and,

WHEREAS the Court held a Settlement Fairness Hearing on February 18, 2016 to determine whether to give final approval to the proposed settlement; and

WHEREAS the Court makes the following combined Findings of Fact and Conclusions of Law in support of approval of the proposed settlement;

NOW, THEREFORE, based on the submissions of the Parties, upon reviewing all prior proceedings, and on the evidence adduced at the Settlement Fairness Hearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1

1.  Incorporation of Other Documents. This Final Order Approving Class Settlement (the "Final Approval Order") incorporates herein the Settlement Agreement. Unless otherwise provided herein, all capitalized terms in this Final Approval Order shall have the same meaning as set forth in the Settlement Agreement.

2.  Jurisdiction. Because adequate notice has been disseminated and all Settlement Class Members have been given the opportunity to opt-out of the Class Action, the Court has personal jurisdiction with respect to the claims of all Settlement Class Members. The Court has subject-matter jurisdiction over the Class Action, including jurisdiction to approve the proposed settlement, grant final certification of the Settlement Class, and dismiss the Class Action.

3.  Final Class Certification. The Settlement Class is certified for settlement purposes only, the Court finding that the Settlement Class satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Settlement Class consists of the Snodgrass Opt-Ins; all persons employed in the Assistant Manager position for Bob Evans in Ohio from May 15, 2012 to June 1, 2015; all persons employed in the Assistant Manager position for Bob Evans in Pennsylvania from May 14, 2011 to June 1, 2015; and all persons employed in the Assistant Manager position for Bob Evans from June 1, 2012 to June 1, 2015 not otherwise identified above, but excluding those people formerly employed in the Assistant Manager position for Bob Evans who already received notice of the Snodgrass action, and who did not opt in to the Snodgrass action. Members of the Settlement Class who have not excluded themselves from the Class Action are referred to as Eligible Class Members. Representative Plaintiffs, the Snodgrass Opt-Ins, and members of the Settlement Class who submitted a proper, timely, and valid Claim Form are collectively referred to as Participating Class Members. A collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., is certified consisting of all Participating Class Members.

4.  Adequacy of Representation. Klafter, Olsen & Lesser, LLP; Shavitz Law Group, P.A.; Landskroner Grieco Merriman, LLC; Whitfield Bryson & Mason, LLP and Migliaccio & Rathod LLP as Class Counsel have fully and adequately represented the Settlement Class for

2

purposes of entering into and implementing the settlement and have satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

5. Class Notice. The Court finds that the Class Notices and their distribution to Settlement Class Members have been implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order and that they:

    a) constitute the best practicable notice to Settlement Class Members under the circumstances of the Class Action;

    b) constitute notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Class Action; (ii) the terms and conditions of the settlement and their rights under the settlement, (iii) their right to exclude themselves from the Settlement Class and the proposed settlement; (iv) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness and adequacy of the proposed settlement, the adequacy of the Settlement Class's representation by the Representative Plaintiffs and Class Counsel, and/or the award of attorneys' fees and costs and the Enhancement Payment to the Representative Plaintiffs), (v) their right to appear at the Settlement Fairness Hearing, either on their own behalf or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class, and (vi) the binding effect of the Orders and Judgment in the Class Action, whether favorable or unfavorable, on all persons who do not request exclusion from the Settlement Class;

    c) constitute notice that was reasonable, adequate, and sufficient notice to all persons entitled to be provided with notice;

    d) constitute notice that fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process; and

    e) this settlement will have no binding effect upon, and provide no res judicata preclusion to, those individuals who opted-out.

6. Final Settlement Approval. The terms and provisions of the Settlement Agreement have been entered into in good faith, and are the product of arms-length negotiations

by experienced counsel who have done a meaningful investigation of the claims in the dispute. No person objected to the Settlement Agreement. The Settlement Agreement and all of its terms are fully and finally approved as fair, reasonable, and adequate, and in the best interests of each of the Parties and the Settlement Class. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

7. Class Action Fairness Act. All notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.*, have been complied with and there have been no objections from any state or federal officials regarding the Settlement Agreement.

8. Binding Effect. The terms of the Settlement Agreement, this Final Approval Order, and the accompanying Final Judgment are binding on the Eligible Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in the Class Action and are encompassed by the Releases set forth in the Settlement Agreement.

9. Releases. The Eligible Class Members shall be bound by the Release of State Law Settled Claims provided in the Settlement Agreement, which is incorporated herein in all respects, regardless of whether such persons received any compensation under the Settlement Agreement. The Release of State Law Settled Claims is effective as of the date of this Final Approval Order and the accompanying Final Judgment. The Court expressly adopts all defined terms in the Settlement Agreement and the Release of State Law Settled Claims, including but not limited to the following definition of State Law Settled Claims:

> Any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against the Released Parties, of any form whatsoever arising under state law before the entry of the Preliminary Approval Order, whether known or unknown, unforeseen, unanticipated, unsuspected, or latent, which have been pled in the Second Amended Complaint or could have been pled based upon the factual allegations in the Second Amended Complaint, including but not limited to any and all claims for wages, overtime, damages, penalties, liquidated damages, unpaid costs, restitution, penalties, punitive

4

damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief under the wage and hour laws of any state, or subdivision thereof, in which Bob Evans does business, including but not limited to the states of Arkansas, Delaware, Florida, Illinois, Indiana, Kansas, Kentucky, Maryland, Michigan, Missouri, New Jersey, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Virginia, and West Virginia, whether based upon state, local, constitutional, statutory, or common law, or any other law, rule, or regulation, including but not limited to, claims under the Arkansas Minimum Wage Act, Ark. Code §§ 11-4-201 *et seq.*, 11-4-401 *et seq.*, 11-4-612; 19 Del. Code §§ 902, 907, 1102-1103, 1108; Art. X, Section 24 Florida Constitution; Florida Minimum Wage Act, Fl. Stat. § 448.110 *et seq.*; Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105 *et seq.*; Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115 *et seq.*; Indiana Minimum Wage Law, Ind. Code § 22-2-2 *et seq.*; Ind. Code § 22-2-5-1 *et seq.*; Kansas Minimum Wage and Maximum Hours Law, Kan. Stat. Ann. § 44-1201 *et seq.*; Kansas Wage Payment Law, Kan. Stat. Ann. § 44-313 *et seq.*; the Kentucky Wage Hour Act, Ky. Rev. Stat., Ch. 337; Maryland Wage and Hour Law, Md. Lab. and Emp. Code Ann. § 3-400 *et seq.*; Maryland Wage Payment and Collection Law, Md. Lab. and Emp. Code Ann. §§ 3-500 *et seq.* 3-305, 3-424; Michigan Workforce Opportunity Wage Act, Mich. Comp. Laws § 408.411 *et seq.*; Michigan, Minimum Wage Law, Mich. Comp. Laws § 408.381 *et seq.*; Michigan Payment of Wages and Fringe Benefits Act, Mich. Comp. Laws § 408.471 *et seq.*; Mo. Rev. Stat. §§ 290.080, 290.110, 290.505; New Jersey Wage and Hour Law, N.J. Stat. Ann. § 34:11-56a *et seq.*; Art. I. Para. 23 New Jersey Constitution; New Jersey Wage Payment Law, N.J. Stat. Ann. § 34: 11-4.1 *et seq.*; New York Hosp. Ind. Wage Order, 12 NYCRR 146; New York Minimum Wage Act, N.Y. Code Art. 19; New York Payment of Wages, N.Y. Code Art. 6; North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq.*; the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Chapter 4111; Section 34a, Article II Ohio Constitution; Ohio Rev. Code § 4113.15; Pennsylvania Minimum Wage Act, 43 Penn. Stat. § 333.101 *et seq.*; Pennsylvania Wage Payment and Collection Law, 43 Penn. Stat. § 260.1 *et seq.*; 43 Penn. Stat. § 251; S.C. Stat. §§ 41-10-30, 41-10-50; Tennessee Wage Regulations Act, Tenn. Code § 50-2-103; Virginia Minimum Wage Act, Code of Va. § 40.1-28.8 *et seq.*; Virginia Wage Payment Law, Code of Va. § 40.1-29; West Virginia Minimum Wage and Maximum Standard Hours, W. Va. Code § 21-5C-1 *et seq.*; West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-1 *et seq.*; and all of their implementing rules and regulations and interpretive guidelines, and all claims for penalties or restitution relating to or derivative of any or all of those laws.

The Participating Class Members shall be bound by the Release of State Law Settled Claims and the Release of Federal Law Settled Claims provided in the Settlement Agreement, which is incorporated herein in all respects. The Release of Federal Law Settled Claims is effective as of the date of this Final Approval Order and the accompanying Final Judgment. The Court expressly adopts all defined terms in the Settlement Agreement and the Release of Federal Law

5

Settled Claims, including but not limited to the following definition of Federal Law Settled Claims:

> Any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against the Released Parties, of any form whatsoever arising under federal law before the entry of the Preliminary Approval Order, whether known or unknown, unforeseen, unanticipated, unsuspected, or latent, which have been pled in the Second Amended Complaint or could have been pled based upon the factual allegations in the Second Amended Complaint, including but not limited to any and all claims for wages, overtime, damages, penalties, liquidated damages, unpaid costs, restitution, penalties, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and all of its implementing rules and regulations and interpretive guidelines.

10. **Permanent Injunction.** The Eligible Class Members are barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on the State Law Settled Claims; and (ii) organizing or soliciting the participation of any Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit, or other proceeding based on the State Law Settled Claims. The Participating Class Members are barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on the Federal Law Settled Claims and the State Law Settled Claims; and (ii) organizing or soliciting the participation of any Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit, or other proceeding based on the Federal Law Settled Claims and the State Law Settled Claims. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's

jurisdiction over the Action and to protect and effectuate the Court's Final Approval Order and Final Judgment.

11. **Enforcement of Settlement.** Nothing in this Final Approval Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

12. **Attorneys' Fees and Expenses.** Class Counsel are hereby awarded attorneys' fees of $ 5,431,962.00 . Class Counsel are hereby awarded reimbursement of actual litigation costs in the amount of $ 87,500.00 . Such fees and expenses are to be paid pursuant to the conditions set forth in the Settlement Agreement. Defendant shall not be required to pay for any other attorneys' fees and expenses, costs, or disbursements incurred by Class Counsel or any other counsel representing the Representative Plaintiffs or Settlement Class Members, or incurred by the Representative Plaintiffs or Class Members, or any of them, in connection with or related in any manner to the Class Action, the settlement of the Class Action, the administration of such settlement, and/or the State Law Settled Claims, and/or the Federal Law Settled Claims.

13. **Representative Plaintiffs Enhancement Payment.** The Court finds that Enhancement Payments to each of the Representative Plaintiffs in the amount of $7,500.00 , to be paid by Defendant to each of the Representative Plaintiffs for service and assistance to the Settlement Class in the Action, is reasonable and appropriate. Such Enhancement Payments are to be paid pursuant to the conditions set forth in the Settlement Agreement.

14. **Settlement Administration Costs.** The Court finds that Settlement Administration Costs in the amount of $ 50,000.00 , to be paid by Defendant to the Claims Administrator, is reasonable and appropriate. Settlement Administration Costs are to be paid pursuant to the conditions set forth in the Settlement Agreement.

15. **Modification of Settlement Agreement.** The Parties are hereby authorized, upon approval of the Court, to agree to and adopt such amendments to, and modifications and

7

expansions of, the Settlement Agreement, as are in writing and signed by the Parties' counsel and are consistent with this Final Approval Order and do not limit the rights of Eligible Class Members or Participating Class Members under the Settlement Agreement.

16. Retention of Jurisdiction. The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. This Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation:

a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action in the Class Action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Approval Order or the Final Judgment;

b) entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Final Judgment approving the Settlement Agreement, and permanently enjoining Eligible Class Members and Participating Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

17. No Admissions. Neither this Final Approval Order and the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to here, nor any action taken to carry out this Final Approval Order and the Final Judgment) is, may be construed as, or may be used as, an admission or concession: (a) by or against Defendant of the validity of any claim or any actual or potential fault, wrongdoing or liability or (b) by Representative Plaintiffs that the claims they have asserted in the Litigation lack merit. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed to be evidence of, an admission or concession as to Defendant's denials or

8

defenses or an admission or concession as to the merits of Plaintiffs' claims and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Approval Order and Final Judgment and the Settlement Agreement; provided, however, that this Final Approval Order, the accompanying Final Judgment, and the Settlement Agreement may be filed in any action against or by Defendant to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

IT IS SO ORDERED this 25th day of February, 2016.

_____
Judge

N. M. King, USM Judge